Reese, J.
delivered the opinion of the court.
The question in this case submitted for the determination of the court is, whether the land of one who holds by an unregistered deed of conveyance, is liable to be levied upon and sold by an execution at law? The affirmative of this question was maintained and determined by this court in the case of Vance vs, M’Nairy, 3 Yerg. Rep. 171. That case was in one form or other, long before this court, and received upon full discussion, the deliberate consideration of many able judges. The bill of M’Nairy vs. Vance, was filed in this court, when it was invested with original chancery jurisdiction. It was brought to final hearing before judges Haywood, Whyte and Emmerson. They determined the case in favor of the complainant M’Nairy, establishing thereby the principle, that land, held by an unregistered deed, is subject to execution sale-. A bill of review was thereupon filed in the court of Errors and Appeals, which afterwards, under an organization of the court, of short continuance, was brought to hearing before Judge Peck, one of the judges of that court, sitting as chancellor, when he determined in favor of the principle of the original decree, upon which, an appeal was taken to the courf of Errors and Appeals, and, by judges Whyte and *8 Green, the decree of the chancellor was affirmed, as reported in 3 Yerg. Rep. 171. Thus was the question authoritatively settled by the opinion of five judges, and if we entertained doubts of the correctness of that opinion, we ought to feel much difficulty in giving effect to those doubts, by overruling a decision, formed after discussion so full and so frequent, and sanctioned and fortified by so large an amount of learning and ability. But we do not entertain doubts of its correctness. We think land, held by an unregistered deed of conveyance, is liable to be sold by execution at law, not because the statute of 5th Geo. II. c 7 § 4, hrs given operation here to the statute of 29th Charles II. § 10, and subjected certain species of trusts or equities in the latter statute described, to the action of a fi. fa. (see 1 Yerg. 1,) but because the vendee, by the execution of a deed of conveyance, is vested with a title, not equitable merely, but with an inchoate and imperfect legal title also. The vendor, by the execution of the deed, has divested himself of his legal estate; no title, legal or equitable remains in him; he is seised of nothing for the use of the ven-dee; he is not a trustee for the vendee. The title passes from him and no acts to give it effect remain to be done by him. If the legal title be not perfected in the vendee, until registration, it does not remain in the vendor. Upon registration, the perfect and entire legal title by relation and operation of law, vests in the vendee from the execution of the deed. If it be never registered, it does not revest in the vendor.
Subsequent to the case of Vance vs. M'Nairy, the question in that case came before the supreme court of North Carolina, and their decision is reported in the 4th volume of Devereaux Reports. It is true in 1812, that State by statute subjected equities to execution sale, but the decision of the court is not based upon that statute.
The opinion of the court was delivered by Judge Gaston, a most able lawyer and enlightened judge. He says “that the estate wh:ch the debtor held under the unregistered deed was conveyed by the sheriff’s deed to the plaintiff; for, says he, it was to many purposes a legal interest, although the title was not legally completed. Such an interest it was holden in the case of Prince vs. Sykes and Iles, (1 Hawk. 87,) was li *9 able to seisure and sold under an execution before our act , , . . . . 1812, which authorised the levying ol executions upon equitable estates.- The bargainee after the execution of the deed, and before the registration has not a mere equity in the land, he has an equity and an incomplete legal title. When the registration takes effect he is then perfect‘owner from the time of the execution of the deed. If he dies before registration,his wife is entitled to dower as of a legal estate. If a prcecipe be brought against the bargainee, and a recovery upon it before enrolment, it is good, for he was tenant of the freehold.” See also the case of Tolar vs. Tolar, 1 Dev. Eq. Rep.
In the case of Prince vs. Sykes and Iles, 1 Hawks, 87, the able counsel who argued that case, Mr. Gaston for the complainant, and Mr. Mordecai for the defendant, took the same view of this point. The latter specially insisting that the execution sale was good, and that although the deed of the debt- or was unregistered and had been destroyed, yet by the sheriff’s deed, complainant had been so far vested with the legal title that he might when sued at law, have defended himself in the ejectment brought against him, and therefore ought not to have come into chancery for relief. This is adverted to, in order to show the course of legal thinking among eminent lawyers in that State.
We adhere, for the foregoing reasons, to the authority of the case of Vance vs. McNairy, and those reasons we apprehend, stand in no need of the auxiliary support, to be drawn from the consideration of the inconveniences which would result to the community by permitting and encouraging bar-gainees to keep their deeds from being registered, or to destroy them when execution sales might become imminent.
The decree of the chancellor will be reversed and the bill be dismissed with costs.
Decree reversed.